UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER R. B.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No. 8:23-cv-00249-BFM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |

## I.　INTRODUCTION

On December 5, 2024, Plaintiff's counsel, Sima G. Aghai, Esq. ("Counsel"), filed a Motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel requests attorney's fees based on her firm's representation of Plaintiff in this Court in an action to obtain social security benefits. The Court takes Counsel's Motion under submission without oral argument. For the reasons stated below, the Court grants the Motion.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Martin O'Malley as the defendant in this suit.

## II. PROCEEDINGS

On February 9, 2023, Plaintiff filed his Complaint in this action. On September 20, 2023, pursuant to a stipulated remand, judgment was entered remanding the case to the Social Security Administration for further proceedings. (ECF 19, 20.) On remand, Plaintiff was awarded $104,510.80 in retroactive benefits. (Counsel Decl. ¶ 2 Ex. 2.)

On December 5, 2024, Counsel moved in this Court for attorney fees in the amount of $26,127.70. Counsel seeks compensation pursuant to a contingent fee agreement, which allows Counsel to recover 25% of retroactive benefits. (Counsel Decl. ¶ 1, Ex. 1.) Counsel indicates that a total of 29.82 hours of legal time was spent representing Plaintiff before the District Court, and provides billing records supporting her declaration. (Counsel Decl. ¶ 3, Ex. 3.)

The Court previously ordered the government to pay attorney fees under the Equal Access to Justice Act in the amount of $7,240 in this action. (ECF 21.) As Counsel acknowledges (Mot. at 7), that EAJA award offsets any attorney fees award payable out of Plaintiff's past-due benefits, up to the full amount of the EAJA award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the . . . claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits). After accounting for the previous EAJA award, the net amount of attorney fees Counsel claims she is entitled to from Plaintiff's benefits is $18,887.70.

Plaintiff was served with the Motion and was informed that he had a right to file a response. (Mot. at 2, 9 (Proof of Service).) Plaintiff did not file a response. Defendant filed a Response to the Motion (ECF 27) taking no position on the

reasonableness of the fee request but asking that the Court direct Counsel to reimburse Plaintiff any EAJA fees previously paid. (Resp. at 3.)

The matter is now fully briefed and ready for decision.

### III.  ATTORNEY FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) authorizes a district court, after rendering a judgment favorable to a disability claimant, to "determine and allow a reasonable fee" for representation before the court. 42 U.S.C. § 406(b)(1)(A).  The award "must not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* Such fees are payable only out of the benefit recovered. *Gisbrecht*, 535 U.S. at 792.

Section 406(b) is meant "to control, not to displace, [contingent] fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793. As such, a district court errs if it uses a lodestar method of calculating attorney's fees; such an analysis would not adequately respect the "primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793). Instead, the district court must look first to the contingent-fee agreement, and assure itself that the agreement "yield[s] [a] reasonable result in [a] particular case[]." *Gisbrecht*, 535 U.S. at 807. The court must ensure that the requested fees do not exceed 25% of the past-due benefit award. If the fees requested are within that 25% limit, the court must consider whether the fees requested are appropriate for the actual services rendered or would constitute a windfall, considering the amount of benefits obtained and the services provided. *Id.* at 808. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an

accumulation of back benefits. *See id.*; *Crawford*, 586 F.3d at 1151.

Pursuant to *Gisbrecht*, the Court has conducted an independent check to assure the reasonableness of the fee request considering the circumstances of the case. In deciding that the $26,127.70 fee request is reasonable, the Court has considered a number of factors.

First, the fees requested do not exceed 25% of past-due benefits.

Second, Counsel has provided the Court with a copy of the parties' contingency fee agreement, which appears to be signed by Plaintiff. (Counsel Decl. ¶ 1, Ex. 1.) Plaintiff agreed to pay Counsel a contingent fee in an amount equal to 25% of any past-due benefits obtained. (*Id.*) Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement. At the time Counsel agreed to represent Plaintiff, her firm took on significant risk; there was no guarantee Counsel's firm would see any fees for its representation of Plaintiff.

Third, Counsel obtained a very favorable outcome for Plaintiff, resulting in a remand for further proceedings and ultimately, the payment of past-due benefits. The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay attributable to Counsel.

Fourth, the ratio between the amount of benefits awarded and the time expended to litigate this case in this Court is not unreasonable. The 29.82 hours expended was reasonable to litigate this case to the point where it was ultimately voluntarily remanded for further proceedings (after which past-due benefits were awarded to Plaintiff), and the time spent on Plaintiff's case was within the approved range for social security disability cases. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security

1  cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the
2  approved range," and collecting cases). Counsel's overall request—$26,127.70
3  based on 29.82 total hours of legal services—yields an effective hourly rate of
4  approximately $876. That rate is well within the rates that the Ninth Circuit
5  and courts in this District have approved. *See, e.g.*, *Crawford*, 586 F.3d at 1153
6  (J. Clifton, concurring in part and dissenting in part) (explaining that the
7  majority opinion found reasonable effective hourly rates equaling $519, $875,
8  and $902); *Villa v. Astrue*, No. CIV-S-06-0846 GGH, 2010 WL 118454, at *1-2
9  (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour and
10 noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Leslie*
11 *L. L. v. Kijakazi*, No. CV 20-1038-E, 2022 WL 17184598, at *5 (C.D. Cal. Oct. 6,
12 2022) (approving a $1,500 effective hourly rate for combined attorney and
13 paralegal time); *Robert William L. v. Kijakazi*, No. CV 20-5906-KS, 2022 WL
14 17251973, at *3-4 (C.D. Cal. Sept. 15, 2022)  (approving a $1,573.56 effective
15 hourly rate for combined attorney and paralegal hours); *Jacob R. v. Saul*, No.
16 CV 18-9146-PLA, 2021 WL 5765276, at *3 (C.D. Cal. Feb. 18, 2021) (approving
17 an effective hourly rate of $1,583.33); *Diaz v. Berryhill*, No. CV 17-3639-JC, 2019
18 WL 2871147, at *2 (C.D. Cal. June 3, 2019) (approving a $1,397.59 effective
19 hourly rate); *Daniel v. Astrue*, No. EDCV 04-01188-MAN, 2009 WL 1941632, at
20 *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).
21 In light of these authorities, Counsel's overall request is reasonable.[2]

22  Fifth, Plaintiff and Defendant had an opportunity to oppose Counsel's
23 Motion but did not do so.

24  For these reasons, the Court finds the requested fees are not so large as
25 to represent a windfall for Counsel, and are reasonable. The Court therefore

---

27 [2] *See Villa*, 2010 WL 118454, at *1, n.1 ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a §
28 406 fee award").

5

grants Counsel's Motion.

### IV. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that: (1) Counsel's Motion for attorney's fees (ECF 25) is **granted**; (2) the Commissioner shall pay Counsel the sum of $26,127.70 in accordance with agency policy; and (3) Counsel is directed to reimburse Plaintiff the sum of $7,240 for EAJA fees previously received.

DATED: January 3, 2025  _____

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE